NOT FOR PUBLICATION

**UNITED STATES DISTRICT COURT
DISTRICT OF NEW JERSEY**

| | |
|---|---|
| NEW JERSEY BUILDING LABORERS' STATEWIDE PENSION FUND AND TRUSTEES THEREOF,<br><br>*Plaintiff*,<br><br>v.<br><br>LANGAN DEVELOPMENT LLC,<br><br>*Defendants*. | Civil Action No. 20-9329<br><br>**OPINION & ORDER** |

**John Michael Vazquez, U.S.D.J.**

**I.    INTRODUCTION**

This matter comes before the Court on Plaintiff New Jersey Building Laborers' Statewide Pension Fund and Trustees Thereof's ("Plaintiff" or "Pension Fund") unopposed motion for default judgment against Defendant Langan Development LLC ("Defendant") under Fed. R. Civ. P. 55(b). D.E. 7. The Court reviewed all submissions made in support of the motion and considered the motion without oral argument pursuant to L. Civ. R. 78.1(b). For the reasons that follow, Plaintiff's motion is **DENIED** without prejudice.

## II. FACTS[1] AND PROCEDURAL HISTORY

Plaintiff is "a trust fund established and maintained pursuant to § 302(c)(5) of the Labor Management Relations Act, ('LMRA'), 29 U.S.C. § 186(c)(5), and an employee benefit plan within the meaning of § 3(3) of [the Employee Retirement Income Security Act of 1974 ('ERISA'), 29 U.S.C. § 1001, *et seq.*]." D.E. 1 ¶ 1. River Drive Construction Co., Inc. ("RDC"), a company that Plaintiff alleges is Defendant's alter ego, *id.* ¶ 40, entered into a collective bargaining agreement ("CBA") with the New Jersey Laborers District Council ("Union"), *id.* ¶ 7. The CBA required RDC to, among things, contribute to the Pension Fund. *Id.* ¶ 9. RDC made the required payments until the end of April 2010. *Id.* ¶ 11-12. Plaintiff represents that when RDC stopped making payments, its action constituted "a 'complete withdrawal' from the Pension Fund within the meaning of . . . ERISA[,]" and "calculated RDC's withdrawal liability as $316,605.00." *Id.* ¶¶ 12-13. As a result, Plaintiff drafted a payment schedule and demanded payment. *Id.* ¶ 14. "RDC made the first four . . . quarterly payments. When it did not receive the fifth quarterly installment, the Pension Fund advised RDC" that it was not in compliance and gave RDC sixty days to cure its default before "accelerat[ing] payment of the remaining withdrawal liability." *Id.* ¶¶ 15-16. RDC failed to cure the default, and Plaintiff filed an action in this District, seeking all amounts due and owing. *Id.* ¶¶ 17-19.

While that action was pending, Plaintiff and RDC entered into a settlement agreement whereby RDC was to resume payments. *Id.* ¶¶ 20-21. The settlement agreement further provided that if RDC missed a payment by fourteen days, Plaintiff could return to court and seek an enforcement order, along with "interest at 18% of the unpaid amount, liquidated damages of 20%

---

[1] The facts of this matter derive from the complaint as well as the affidavits and exhibits submitted in conjunction with Plaintiff's motion for default judgment.

of that unpaid amount, and attorneys' fees and costs incurred in pursuing that Lawsuit." *Id.* ¶ 22. The agreement also bound the parties' "successors and assigns." *Id.* ¶ 23. RDC defaulted on that agreement as well, and Plaintiff sought an order enforcing the agreement in the Superior Court of New Jersey. *Id.* ¶¶ 24-26. On April 13, 2017, the state court "entered judgment in favor of the Pension Fund and against RDC in the amount of $522,949.75." *Id.* ¶ 27.

Thereafter, Plaintiff commenced a second action in this District, seeking "to have [River Drive Companies, LLC,] held liable for the unpaid withdrawal liability of RDC and for the for the judgment entered in the State Court Action as an alter ego, successor employer or as entities under common control." D.E. 7-2, ¶ 6. On September 14, 2018, Judge Arleo, U.S.D.J., issued an opinion and order agreeing with Plaintiff that RDC and River Drive Companies were the same entity "for the purposes of withdrawal liability[.]" *Id.* ¶ 7. Judge Arleo determined that Plaintiff was entitled to default judgment, and, after requesting further briefing, "awarded judgment on the greater amount, under Count II, for breach of contract in the amount of $522,494.75." *Id.* ¶¶ 8-10.[2]

Plaintiff instituted the instant action on July 23, 2020, filing a Complaint against Langan Development, LLC. D.E. 1. Plaintiff contends that Langan Development, like River Drive Companies, is an alter ego of or successor to RDC, such that it is "liable for the withdrawal liability of RDC." *Id.* ¶¶ 35-45. The Complaint raises a claim for unpaid withdrawal liability under ERISA, *id.* ¶¶ 28-46, and a claim for breach of the settlement agreement, *id.* ¶¶ 47-52. As to the first claim, Plaintiff seeks the unpaid withdrawal liability, interest, "liquidated damages computed at the rate of twenty percent . . . of the withdrawal liability[,] attorneys' fees and costs[,]" and whatever other relief "the Court deems appropriate." *Id.* ¶ 46. For the second claim, Plaintiff seeks $522,494.75

---

[2] It appears that Plaintiff brings the same claims against Defendant here as it did against River Drive Companies.

3

"for the unpaid judgment[,] . . . attorneys' fees and costs of suit[,] . . . interest[,] . . . [and] such other and further relief as the Court may deem just and appropriate." *Id.*, ¶ 52.

A summons was issued by the Clerk's Office on July 31, 2020, D.E. 3, and Defendant was served on October 31, 2020, by leaving copies of the complaint and summons with Joseph Langan, Defendant's registered agent, D.E. 4. Default was entered on January 26, 2021, D.E. 6., and Plaintiff then moved for default judgment, D.E. 7.

### III. LAW AND ANALYSIS

#### A. Standard of Review

"Once a party has defaulted, the consequence is that 'the factual allegations of the complaint, except those relating to the amount of damages, will be taken as true.'" *Teamsters Pension Fund of Phila. & Vicinity v. Am. Helper, Inc.*, No.11-624, 2011 WL 4729023, at *2 (D.N.J. Oct. 5, 2011) (quoting *DIRECTV, Inc. v. Pepe*, 431 F.3d 162, 165 n.6 (3d Cir.2005)). "The entry of a default judgment is largely a matter of judicial discretion, although the Third Circuit has emphasized that such 'discretion is not without limits, however, and [has] repeatedly state[d] [its] preference that cases be disposed of on the merits whenever practicable.'" *Chanel, Inc. v. Gordashevsky*, 558 F. Supp. 2d 532, 535 (D.N.J. 2008) (quoting *Hritz v. Woma Corp.*, 732 F.2d 1178, 1181 (3d Cir. 1984)).

Prior to entering a default judgment, the court is required to: "(1) determine it has jurisdiction both over the subject matter and parties; (2) determine whether defendants have been properly served; (3) analyze the Complaint to determine whether it sufficiently pleads a cause of action; and (4) determine whether the plaintiff has proved damages." *Moroccanoil, Inc. v. JMG Freight Grp. LLC*, No. 14-5608, 2015 WL 6673839, at *1 (D.N.J. Oct. 30, 2015). Additionally, the Court must consider the following three factors: "(1) prejudice to the plaintiff if default is

denied, (2) whether the defendant appears to have a litigable defense, and (3) whether defendant's delay is due to culpable conduct." *Chamberlain v. Giampapa*, 210 F.3d 154, 164 (3d Cir. 2000); *see also Nationwide Mut. Ins. Co. v. Starlight Ballroom Dance Club, Inc.*, 175 F. App'x 519, 522 (3d Cir. 2006).

Here, default judgment is not warranted because it appears that Plaintiff did not serve Defendant within the required time period. Federal Rule of Civil Procedure 4(m) provides, in part, that

> [i]f a defendant is not served within 90 days after the complaint is filed, the court--on motion or on its own after notice to the plaintiff--must dismiss the action without prejudice against that defendant or order that service be made within a specified time. But if the plaintiff shows good cause for the failure, the court must extend the time for service for an appropriate period.

Fed. R. Civ. P. 4(m). *See also Edwards v. Hillman*, 849 F. App'x 23, 25 (3d Cir. 2021) ("Rule 4(m) provides that a District Court must dismiss a complaint after notice to the plaintiff if service of the complaint is not made upon a defendant within 90 days after the filing.").

The Complaint was filed on July 23, 2020. D.E. 1. Thus, to have been "served within" the requisite time period, Plaintiff was required to effect service by October 21, 2020—90 days after the filing of the Complaint. According to Plaintiff's process server, an unsuccessful attempt to serve was made on October 6, and service was made on October 31. D.E. 4. Thus, Defendant was not timely served.[3] Plaintiff did not show good cause for failure to timely serve nor did Plaintiff request that the time for service be extended. Accordingly, default judgment is improper at this time. *See Travelodge Hotels, Inc. v. CPK, Inc.*, No. 13-4796, 2014 WL 2611836, at *2 (D.N.J.

---

[3] On January 26, 2021, the Clerk of the Court entered default against Defendant. *See* D.E. 6. Default should not have been entered in the absence of proper service. Therefore, the Court will vacate the entry of default.

June 10, 2014) (dismissing motion for default judgment where service of summons and complaint was improper).

### IV. CONCLUSION

For the foregoing reasons, and for good cause shown,

It is on the 7th of September 2021 hereby

**ORDERED** that Plaintiff's motion for a default judgment, D.E. 7, is **DENIED without prejudice**, and it is further

**ORDERED** that the entry of default, D.E. 6, is hereby **VACATED**, and it is further

**ORDERED** that Plaintiff is granted leave to properly serve the summons and complaint on Defendant within sixty (60) days of the date of this Order.

_____
John Michael Vazquez, U.S.D.J.