Not for Publication

UNITED STATES DISTRICT COURT
DISTRICT OF NEW JERSEY

| | |
|---|---|
| NEW JERSEY BUILDING LABORERS' STATEWIDE PENSION FUND AND TRUSTEES THEREOF,<br><br>*Plaintiff*,<br><br>v.<br><br>LANGAN DEVELOPMENT LLC,<br><br>*Defendants*. | Civil Action No. 20-9329<br><br>**OPINION** |

**John Michael Vazquez, U.S.D.J.**

Presently pending before the Court is the unopposed motion for default judgment by Plaintiff New Jersey Building Laborers' Statewide Pension Fund and Trustees Thereof. Plaintiff seeks a default judgment, pursuant to Federal Rule of Civil Procedure 55(b), against Defendant Langan Development, LLC ("Langan"). D.E. 12. The Court reviewed all submissions made in support of the motion and considered the motion without oral argument pursuant to L. Civ. R. 78.1(b). For the reasons that follow, Plaintiff's motion is **GRANTED in part** and **DENIED in part**.

I.     FACTUAL[1] AND PROCEDURAL HISTORY

Plaintiff is "an employee benefit plan within the meaning of § 3(3) of [the Employee Retirement Income Security Act of 1974] ('ERISA') . . . , 29 U.S.C. § 1001, *et seq.*" Compl. ¶ 2.

---

[1] The facts of this matter are derived from the Complaint, D.E. 1, as well as Plaintiff's brief, affidavit and exhibits submitted in support of the instant motion.

Non-party River Drive Construction Co., Inc. ("RDC") is party to a collective bargaining agreement ("CBA") with the New Jersey Laborers District Council ("Union"). The CBA required RDC to, among things, contribute to the Plaintiff Pension Fund. *Id.* ¶¶ 7-9. RDC made the required payments until April 2010. *Id.* ¶ 11. In addition, on or about April 30, 2010, RDC "withdrew its recognition of the Union as its employees' bargaining representative" but continued to perform work covered by the CBA. *Id.* ¶ 11. Plaintiff alleges that these actions constitute "a 'complete withdrawal' from the Pension Fund within the meaning of . . . ERISA." *Id.* ¶ 12.

As required by ERISA, Plaintiff drafted a withdrawal liability payment schedule for RDC and demanded payment. RDC made the first four payments under the schedule. *Id.* ¶¶ 14-15. When Plaintiff did not receive the fifth installment, it advised RDC that it was not in compliance. Plaintiff gave RDC sixty days to cure the default or Plaintiff would require immediate payment of the entire outstanding amount. *Id.* ¶ 15. RDC failed to cure the default, and Plaintiff accelerated payment of the remaining withdrawal liability. *Id.* ¶ 16. RDC "continues to fail and refuse[] to pay the withdrawal liability." *Id.* ¶ 18. Therefore, Plaintiff brought suit against RDC. *Id.* ¶ 19.

While that action was pending, Plaintiff and RDC entered into a settlement agreement (the "Agreement") whereby RDC was to resume payments. *Id.* ¶¶ 20-21. The Agreement further provided that if RDC missed a payment by fourteen days, Plaintiff could return to court to seek an enforcement order, along with interest, liquidated damages in the amount of twenty percent of the outstanding amount due, and attorneys' fees and costs incurred in pursuing the suit. *Id.* ¶ 22. In addition, the Agreement bound the parties' "successors and assigns." *Id.* ¶ 23. RDC defaulted on Agreement, and Plaintiff sought an order enforcing the Agreement in the Superior Court of New Jersey. *Id.* ¶¶ 24-26. On April 13, 2017, the state court "entered judgment in favor of [Plaintiff] and against RDC in the amount of $522,949.75." *Id.* ¶ 27.

Plaintiff instituted the instant action on July 23, 2020.  D.E. 1.  Plaintiff contends that Langan is an alter ego of or successor to RDC so it is liable for RDC's withdrawal liability.  *Id.* ¶¶ 35-45.  Plaintiff asserts claims for unpaid withdrawal liability under ERISA (Count One), *id.* ¶¶ 28-46, and breach of the Agreement (Count Two), *id.* ¶¶ 47-52.  Plaintiff requested that default be entered against Defendant for its failure to answer or otherwise respond to the Complaint.  D.E. 5.  The Clerk of the Court subsequently entered default on January 26, 2021, and Plaintiff filed a motion for default judgment.  D.E. 7.  This Court denied Plaintiff's motion and vacated the entry of default because Defendant was not timely served.  D.E. 9.  On October 1, 2021, Plaintiff filed a return of service indicating that it served Defendant on September 30, 2021.  D.E. 10.  Plaintiff again requested that the Clerk of the Court enter default against Defendant for its failure to respond to the Complaint, which the Clerk entered on November 1, 2021.  D.E. 11.  Plaintiff then filed the instant motion.  D.E. 12.

## II.     STANDARD OF REVIEW

Federal Rule of Civil Procedure 55 allows for the entry of default against a party that fails to plead or otherwise defend against claims.  Fed. R. Civ. P. 55.  "The entry of a default judgment is largely a matter of judicial discretion, although the Third Circuit has emphasized that such 'discretion is not without limits, . . . and [has] repeatedly state[d] [its] preference that cases be disposed of on the merits whenever practicable.'"  *Chanel, Inc. v. Gordashevsky*, 558 F. Supp. 2d 532, 535 (D.N.J. 2008) (quoting *Hritz v. Woma Corp.*, 732 F.2d 1178, 1181 (3d Cir.1984)).

In entering a default judgment due to a defendant's failure to answer, a court must determine whether (1) it has personal and subject matter jurisdiction; (2) the defendants were properly served; (3) the complaint sufficiently pleads a cause of action; and (4) the plaintiff has proven damages.  *Days Inns Worldwide, Inc. v. Jinisha Inc.*, No. 14-6794, 2015 WL 4508413, at

3

*1 (D.N.J. July 24, 2015). Additionally, a court must determine the appropriateness of default judgment by weighing (1) the prejudice suffered by the party seeking default judgment; (2) whether the party subject to the default has a meritorious defense; and (3) the culpability of the party subject to default. *Id.* at *2.

### III.   ANALYSIS

#### 1.   Jurisdiction

"Before entering a default judgment as to a party 'that has not filed responsive pleadings, the district court has an affirmative duty to look into its jurisdiction both over the subject matter and the parties.'" *HICA Educ. Loan Corp. v. Surikov*, No. 14-1045, 2015 WL 273656, at *2 (D.N.J. Jan. 22, 2015) (quoting *Ramada Worldwide, Inc. v. Benton Harbor Hari Ohm, L.L.C.*, No. 08–3452, 2008 WL 2967067, at *9 (D.N.J. July 31, 2008)). In Count One, Plaintiff asserts a claim to recover unpaid withdrawal liability under ERISA. Congress granted district courts exclusive subject matter jurisdiction for civil actions that arise under ERISA. 29 U.S.C. § 1132(e)-(f). Accordingly, the Court has subject matter jurisdiction. In addition, the Court has supplemental jurisdiction over Plaintiff's breach of contract claim pursuant to 28 U.S.C. § 1367.

The Court also has personal jurisdiction over Defendant. Plaintiff contends that Defendant maintains its principal place of business in New Jersey. Compl. ¶ 4. As a result, Defendant is considered "at home" in this state and is subject to general jurisdiction here. *See Int'l Union of Painters v. Andrews Window Servs. LLC*, No. 15-3583, 2016 WL 3234516, at *2 (D.N.J. June 7, 2016). Additionally, pursuant to Rule 4, service may be effectuated upon a corporation by following New Jersey law. Fed. R. Civ. P. 4 (e)(1), (h). Under New Jersey law, a corporation may be served by delivering a copy of summons and complaint to "any officer, director, trustee or managing or general agent, or any person authorized by appointment or by law to receive service

of process on behalf of the corporation." N.J. Ct. R. 4:4-4(a)(6). Here, Plaintiff personally served Lora Langan, Defendant's managing agent. D.E. 10. As a result, Defendant was properly served with the summons and complaint. The Court has personal jurisdiction over Defendant.

### 2. Sufficiency of Plaintiff's Cause of Action and Proof of Damages

Next, the Court must determine whether the Complaint states a proper cause of action. The Court must accept all well-pleaded factual allegations in the pleadings as true, except as to damages. *Chanel, Inc.*, 558 F. Supp. 2d at 535-36. Here, Plaintiff seeks default judgment solely as to Count Two, its claim for breach of the Agreement. *See* Ptasiewicz Aff. ¶ 17; Plf. Br. at 8. In Count Two, Plaintiff alleges that RDC breached the Agreement and as RDC's "successor, alter ego, joint employer and/or single employer," Defendant is now liable for RDC's breach. Compl. ¶ 52. Specifically, Plaintiff alleges that Defendant is liable pursuant to paragraph 5 of the Settlement Agreement. Paragraph 5 provides, in part, that the Agreement is binding upon RDC's "successors and assigns." *Id.* ¶¶ 23, 52. Plaintiff indicates that Langan is RDC's successor, arguing that Langan is a continuation of RDC. Plf. Br. at 9.

To sufficiently state a claim, Plaintiff must first establish that RDC breached the Agreement. To plead a breach of contract claim under New Jersey law, a plaintiff must allege that (1) "that 'the parties entered into a contract containing certain terms'"; (2) "that 'plaintiffs did what the contract required them to do'"; (3) "that 'defendants did not do what the contract required them to do'"; and (4) "that 'defendants' breach, or failure to do what the contract required, caused a loss to the plaintiffs.'" *Goldfarb v. Solimine*, 245 A.3d 570, 577 (N.J. 2021) (quoting *Globe Motor Co. v. Igdalev*, 139 A.3d 57, 64 (N.J. 2016)). Plaintiff alleges that it entered into the Agreement with RDC, that Plaintiff dismissed the federal lawsuit in exchange for Defendant's agreement to begin paying the outstanding amount of withdrawal liability as set forth in the Agreement, and that

5

Defendant failed to make payments. Compl. ¶¶ 48-49. Plaintiff further alleges that it was damaged by Defendant's breach. *Id.* ¶ 51. Plaintiff sufficiently alleges that RDC breached the Agreement.

Next, Plaintiff must sufficiently allege that Defendant is RDC's successor. Typically, a successor is not liable for debts of its predecessor. However, exceptions exist in which a new entity may be held accountable for the old entity's debts. *Lefever v. K.P. Hovnanian Enters., Inc.*, 734 A.2d 290, 292 (N.J. 1999). One exception is if "the purchasing company is a mere continuation of the seller." *Id.* Under the "mere continuation" theory, "a plaintiff must 'establish that there is continuity in management, shareholders, personnel, physical location, assets and general business operations between selling and purchasing corporations following the asset acquisition.'" *In re Emoral, Inc.*, 740 F.3d 875, 880 (3d Cir. 2014) (quoting *Ramirez v. Amsted Indus., Inc.*, 431 A.2d 811 (1981)). Plaintiff does not address any transaction through which Langan purchased RDC's assets, but this is not fatal to Plaintiff's motion. *See Premier Pork L.L.C. v. Westin, Inc.*, No. 07-1661, 2008 WL 724352, at *4 (D.N.J. Mar. 17, 2008) (concluding that "a plaintiff's claim of successorship liability is satisfied by general allegations of successorship"). Plaintiff pleads that to the extent RDC is no longer in business, Defendant is its successor. Compl. ¶ 41. Plaintiff also pleads that RDC and Defendant maintain the same principal place of business and management, *id.* ¶¶ 36-37, share equipment and employees, *id.* ¶ 39, and perform the same type of work, *id.* ¶¶ 38-39. Accordingly, Plaintiff sufficiently establishes that Defendant is RDC's successor because it is a continuation of RDC. Plaintiff, therefore, establishes that Defendant is liable for RDC's breach pursuant to paragraph 5 of the Agreement. Consequently, Plaintiff states a claim in Count Two.

Plaintiff maintains that it should be awarded a total judgment of $522,494.75. Ptasiewicz Aff. ¶ 17. This amount includes $377,960 in principal; $68,488 in interest; $75,592 in liquidated

6

damages; and $909.95 in attorneys' fees and costs.  Plf. Br. at 12.  The principal amount of Plaintiff's damages, which is the outstanding among of withdrawal liability, is set forth in the Agreement.  Compl., Ex. A at 2.  In addition, the state court entered judgment against RDC for the principal amount due because of RDC's breach of the Agreement.  *See* Castrovinci Aff., Ex. G.  The Agreement also provides that in the event of a default, Plaintiff would be entitled to 18% interest on the unpaid amount, liquidated damages in the amount of 20% of the unpaid amount, and attorneys' fees and costs incurred in pursuing any resulting litigation.  *Id.* at ¶ 3.  Consequently, the Court will award Plaintiff its requested amount of principal damages and interest as these amounts are set forth in the Agreement.

"Whether a liquidated damages clause is enforceable is a question of law for the court to decide."  *Naporano Assocs., L.P. v. B & P Builders*, 706 A.2d 1123, 1127 (N.J. App. Div. 1998) (quoting *Wasserman's Inc. v. Township of Middletown*, 645 A.2d 100, 110 (N.J. 1994)).  When a liquidated damages clause is negotiated by parties with comparable bargaining power, the ultimate issue is whether the amount of liquidated damages is reasonable, either at the time of contract formation or the breach.  *Id.*  But "[a] term fixing unreasonably large liquidated damages is unenforceable on grounds of public policy as a penalty."  *Ramada Worldwide Inc. v. Khan Hotels LLC*, No. 16-2477, 2017 WL 187384, at *6 (D.N.J. Jan. 17, 2017) (quoting Restatement (Second) of Contracts § 356(1) (1981)).  Plaintiff's claim for liquidated damages does not require any further evidentiary proof as the amount was contractually agreed upon.  *See, e.g.*, *Super 8 Motels, Inc. v. B & J (Radha), LLC*, No. 05-5713, 2006 WL 3256828, at *5 (D.N.J. Nov. 9, 2006).  Moreover, there is no indication that the parties had unequal bargaining power.  Therefore, the amount of liquidated damages appears reasonable, and the Court will award Plaintiff with the requested amount.

Plaintiff is also entitled to recover attorneys' fees and costs pursuant to the Agreement. A request for fees, however, "must be accompanied by fairly definite information as to hours devoted to various general activities, e.g., partial discovery, settlement negotiations, and the hours spent by various classes of attorneys." *Int'l Union of Painters*, 2016 WL 3234516, at *4 (quoting *United Auto. Workers Local 259 Soc. Sec. Dep't v. Metro Auto Ctr.*, 501 F.3d 283, 291 (3d Cir. 2007)). Plaintiff provides no documentary support for its requested attorneys' fees and costs. Without any time entries or other similar details, the Court cannot determine whether Plaintiff's attorneys' fees and costs are reasonable and appropriate. *See* L. Civ. R. 54.2(a) (providing that an attorney seeking fees must provide a description of the services rendered, including the date of service, the billing rate, and who performed the work). As a result, the Court will not award Plaintiff with its requested attorneys' fees and costs. Plaintiff, however, is provided leave to submit adequate documentation to support its attorneys' fees and costs.

In sum, Plaintiff is presently entitled to recover $551,584.80 in damages.

### 3. Default Judgment Factors

Before entering default judgment, district courts must make explicit factual findings as to (1) whether the party subject to default has a meritorious defense, (2) the prejudice suffered by the party seeking default, and (3) the culpability of the party subject to default. *Moroccanoil, Inc. v. JMG Freight Grp. LLC*, No. 14-5608, 2015 WL 6673839, at *1 (D.N.J. Oct. 30, 2015). Here, all three factors weigh in favor of entering default judgment. First, because Defendant has not responded in this matter, "Defendant has put forth no evidence or facts containing any information that could provide the basis for a meritorious defense." *HICA Educ. Loan Corp.*, 2015 WL 273656, at *3. Additionally, there is nothing on the face of the complaint indicating that a meritorious defense is available. Next, without a default judgment, Plaintiff has no other means

to seek relief for the harm allegedly caused by Defendant. As a result, Plaintiff will be prejudiced if default judgment is not entered. *See Int'l Union of Painters*, 2016 WL 3234516, at *3. Finally, Defendant's failure to answer, without providing any reasonable explanation, permits the Court to draw an inference of culpability on its part. *Id*. As a result, the Court finds that default judgment is warranted.

## IV. CONCLUSION

For the reasons set forth above, Plaintiff's motion for default judgment is granted in part and denied in part. An appropriate Order accompanies this Opinion.

Dated: May 17, 2022

_____
John Michael Vazquez, U.S.D.J.